UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH RAYMOND BOLKOVATZ,

                    Petitioner,

vs.                                Case Nos.   2:10-cv-326-FtM-99SPC
                                               2:10-cv-327-FtM-99DNF

SECRETARY, DOC,

                    Respondent.
_____/

**OPINION AND ORDER**

**I. Status**

Joseph Bolkovatz (hereinafter "Petitioner"), who is proceeding *pro se*, filed two separate Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 18, 2010, challenging convictions entered in the Twentieth Judicial Circuit Court, Lee County, Florida.[1] In case number 2:10-cv-326-FtM-99SPC, Petitioner challenges his February 14, 2007 plea-based conviction of aggravated stalking (Doc. #1, hereinafter "First Petition"). In case number 2:10-cv-327-99DNF, Petitioner challenges his May 8, 2007 plea-based conviction of escape (Doc. #1, hereinafter "Second Petition").[2] On August 10, 2010, the Court granted Petitioner's

_____

[1]Circuit court case number 04-CF-2579 involved the aggravated stalking charge. Circuit court case number 06-CF-20480 involved the escape charge.

[2]Both Petitions were filed in this Court on May 20, 2010; however, the Petition is considered filed when delivered to prison authorities for mailing and, absent evidence to the contrary, is assumed to be the date the inmate signed the document. Washington
(continued...)

motion to consolidate, thereby consolidating his two aforementioned habeas cases.  <u>See</u> Case number 2:10-cv-326, Doc. #12.  The First Petition raises the following grounds for relief:

> Ground One- The state trial court erred by denying Petitioner's motion for discharge when the State failed to comply with the time limitations set forth in the Interstate Agreement on Detainers Act ("IADA") in violation of Petitioner's Sixth and Fourteenth Amendment rights.
>
> Ground Two- Appellate counsel rendered ineffective assistance by failing to raise IADA claim set forth above.

<u>See generally</u> First Petition.

> The Second Petition raises the following grounds for relief:
>
> Ground One- The state trial court erred by denying Petitioner's motion for discharge when the State filed to comply with the time limitations set forth in the IADA in violation of Petitioner's Sixth and Fourteenth Amendment rights.
>
> Ground Two- Appellate counsel rendered ineffective assistance by failing to raise IADA claim set forth above.
>
> Ground Three- Appellate counsel rendered ineffective assistance by failing to raise an issue concerning the calculation of speedy trial in violation of Florida Rule of Criminal Procedure 3.191(p)(3).
>
> Ground Four- Appellate counsel rendered ineffective assistance by failing to argue that the tolling provisions of Fla. R. Crim. P. 3.191(c) did not apply to an out of state prisoner where no charging document had been filed resulting in speedy trial to expire before Petitioner returned to the State of Florida.

<u>See generally</u> Second Petition.

---

[2](...continued)
<u>v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).  Both petitions bear a prison date stamp of May 18, 2010.

Respondent filed a consolidated Response to the Petitions (Doc. #16, Response), and attached exhibits in support (Exhs. 1-28 (stalking conviction and related documents); Exhs. 29-52 (escape conviction and related documents)). Petitioner filed a Reply to the Response (Doc. #3, Reply).  This matter is ripe for review.

## II. Procedural History

### A. CASE NUMBER 04-CF-2579

On December 9, 2004, the State filed an Information charging Petitioner with aggravated stalking arising from incidents which occurred between August 7, 2004 through October 6, 2004, in Lee County, Florida.  Exh. 1.  On or about December 8, 2004, while Petitioner was in the custody of the Lee County Jail on the stalking charges, he escaped and fled the State of Florida.  Exh. 32 at 1.  Consequently, Petitioner failed to appear for his scheduled arraignment on December 14, 2004.  Exh. 2.  Petitioner was arrested on unrelated charges that arose in North Carolina, convicted, and incarcerated in North Carolina.  Exh. 32 at 1.

On January 20, 2006, Petitioner sent a letter from North Carolina to the Lee County Clerk of Courts requesting a list of all pending charges. Exh. 3.   Petitioner sent a second letter requesting his pending charges on February 20, 2006.   Exh. 4. Petitioner sent a third letter on March 23, 2006.   On March 20, 2006, Mountain View Correctional Institution sent, by certified mail, forms on the Interstate Agreement on Detainers Act

-3-

(hereinafter "IADA") to the Lee County State Attorney advising that Petitioner was currently being held there and requesting final disposition in Case No. 04-2579. Exh. 6. The forms also indicated Petitioner's parole date was November 11, 2006. On October 26, 2006, the North Carolina Department of Corrections sent a letter to the Lee County State Attorney advising that the proper IADA forms had been filed on March 20, 2006, and that the 180 days provided by IADA had elapsed. Exh. 7. The letter also advised that Petitioner could petition the court for dismissal with prejudice.

On November 9, 2006, Petitioner was extradited to Lee County. Exh. 8. On December 10, 2006, Petitioner was arraigned, Exh. 9, where Petitioner informed the court:

> [PETITIONER]: ... I filed speedy trial on all these charges with IAD March 20th, the DA and the Clerk of Court of Fort Myers received a certified letter stating that I requested an IAD process.
>
> The Clerk -- I guess the Court had 180 days to come get me. That time since elapsed September 16th. I just wanted to go on record as saying that.
>
>                 * * *
>
> THE COURT: The Public Defender is here as is an Assistant State Attorney and they've both heard what you said.
>
> [PETITIONER]: Could I request that the Public Defender's Office now take note that I'd like to file a motion for dismissal on all charges and have them ready by the time --
>
> THE COURT: Today is not a day for me. I'm done, sir. That's all. Thank you very much.

-4-

Exh. 9 at 99.

On February 2, 2007, Petitioner filed a notice of expiration of time for speedy trial after demand and motion for discharge and dismissal with prejudice. Exh. 10. On February 5, 2007, the trial court conducted a hearing on the motion. Exh. 11. The State acknowledged that it received the IADA paperwork on April 12, 2006, and argued that pursuant to Florida Rule of Criminal Procedure 3.191, the State was entitled to a recapture period to bring Petitioner to trial. The trial court ordered Petitioner brought to trial within ten days.

On February 14, 2007, pursuant to a plea bargain, Petitioner pled *nolo contendere* to the charge of aggravated stalking, reserving his right to appeal the trial court's denial of his motion for discharge based on the IADA. Exh. 12. Petitioner was sentenced to thirty-seven months in prison. Exh. 13.

### 1. Direct Appeal

Petitioner pursued a direct appeal. His appellate counsel, Assistant Public Defender Allyn M. Giambalvo, filed an initial Anders[3] brief raising one potential issue for review:

> THE TRIAL COURT SHOULD HAVE GRANTED APPELLANT'S MOTION FOR DISCHARGE AS THE STATE FAILED TO BRING HIM TO TRIAL WITHIN 180 DAYS AFTER RECEIVING HIS IADA REQUEST.

---

[3]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

-5-

Exh. 14  Later, the <u>Anders</u> brief was withdrawn and Petitioner's counsel filed a merits brief on the same issue.   Exh. 15. Appellate counsel then filed a supplemental merits brief with additional argument on or about January 31, 2008. Exh. 16.   The State filed its answer brief. Exh. 17.  On June 18, 2008, in Case No. 2D07-905, the state appellate court filed a <u>per curiam</u> silent opinion affirming Petitioner's judgment and sentence.   Exh. 18. <u>Bolkovatz v. State</u>, 988 So. 2d 1097 (Fla. 2d DCA 2008)(table). Petitioner filed a <u>pro se</u> motion for rehearing/rehearing <i>en banc.</i> Exh. 19.  The appellate court denied the motion for rehearing on August 26, 2008.  Exh. 20. The mandate issued on September 11, 2008.  Exh. 21.

### 2.   Petition Alleging Ineffective Assistance of Appellate Counsel

On February 12, 2009, Petitioner, proceeding <i>pro se</i>, filed a "Consolidated Petition for Writ of Habeas Corpus" alleging ineffective assistance of appellate counsel in the direct appeals in both cases challenged in the instant federal petition. Exh. 22. Petitioner presented two grounds for relief. On March 10, 2009, in Case No. 2D09-749, the Second District Court of Appeal issued an order dismissing the petition without prejudice to Petitioner's filing separate petitions challenging each of the two direct appeals.  Exh. 23; <u>Bolkovatz v. State</u>, 5 So. 3d 676 (Fla. 2d DCA 2009)(table).

On March 31, 2009, Petitioner filed a separate petition alleging ineffective assistance of appellate counsel in relation to the direct appeal in Circuit Case No. 04-CF-2579. Exh. 24. Petitioner raised the following issue:

> WHETHER APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO BRING TO THIS COURT'S ATTENTION VIA DIRECT APPEAL [Appellate Case # 2D07-905; Circuit Case # 04-CF-2579] THAT THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO IMPOSE OR CONVICT PETITIONER WHERE THE INDICTMENT, INFORMATION, OR COMPLAINT, WHICH HAD NO FURTHER FORCE OR EFFECT, PURSUANT TO FLORIDA STATUTES § 941.45 ARTICLE III(d), ARTICLE V, 2(C), AND FEDERAL 18 U.S.C. APP. § 2 ARTICLE 111 (d), ARTICLE V, (C) IN VIOLATION OF PETITIONER'S FLORIDA AND FEDERAL CONSTITUTIONAL RIGHT TC DUE PROCESS OF THE LAW.

As directed by the appellate court, the State filed a response to the petition. Exh. 25. On August 26, 2009, in Case No. 2D09-1518, the appellate court filed a per curiam opinion denying without discussion the petition alleging ineffective assistance of appellate counsel. Exh. 26; Bolkovatz v. State, 23 So. 3d 115 (Fla. 2d DCA 2009)(table). Petitioner was granted an extension of time to file a motion for rehearing, but never filed the motion. Exh. 27. The appellate court issued mandate on December 30, 2009. Exh. 28.

### B. CASE NUMBER 06-CF-20480

On December 18, 2006, an Information was filed charging Petitioner with escape from jail. Exh. 29. As mentioned above,

the incident giving rise to the charges occurred on December 8, 2004, in Lee County.

On April 25, 2007, Petitioner's attorney filed a notice of expiration of time for speedy trial after demand and motion for discharge and dismissal with prejudice. Exh. 30. On April 26, 2007, a hearing on the motion was conducted. Exh. 31. Petitioner argued that based on the IADA, the escape charge should be dismissed. The State contended that speedy trial had not yet run. The trial court scheduled the case for trial on May 7, 2007. On April 27, 2007, the State filed a motion to strike Petitioner's notice of expiration of speedy trial time. Exh. 32. The State argued that Petitioner was extradited to Lee County on November 9, 2006, and speedy trial would run on May 3, 2007; therefore, Petitioner's April 25, 2007 notice of expiration was premature.

On May 7, 2007, a hearing was conducted on the State's motion to strike. Exh. 33. The State indicated that it was ready to go to trial and that Petitioner's motion should be stricken as premature. The trial court denied Petitioner's motion to dismiss the charges. Id. at 23. On May 8, 2007, a plea hearing was conducted. Exh. 34. Petitioner pled *nolo contendere* to the escape charge, reserving the right to challenge on appeal the court's denial of dismissal of the escape charge based on violation of the speedy trial provision of the IADA. The court accepted the plea, and sentenced Petitioner to sixty (60) months in prison consecutive

-8-

to the sentences Petitioner was currently serving for other crimes, including the original sentence from which he escaped. Exh. 35.

## 1. Direct Appeal

Petitioner appealed his judgment of conviction. His appellate attorney, Assistant Public Defender Allyn Giambalvo, filed an initial brief raising two issues:

### Issue I

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DISCHARGE BASED UPON THE STATE'S FAILURE TO COMPLY WITH THE TIME LIMITATION CONTAINED IN THE INTERSTATE AGREEMENT ON DETAINERS.

### Issue II

THE TRIAL COURT ERRED IN FAILING TO GIVE APPELLANT ANY CREDIT FOR TIME SERVED PRIOR TO SENTENCING.

Exh. 36.

Petitioner's counsel then filed a supplemental initial brief containing additional argument in support of the same two issues. Exh. 37. The State filed its answer brief. Exh. 38. On June 13, 2008, in Case No. 2D07-2273, the state appellate court filed a per curiam unwritten opinion affirming Petitioner's judgment and sentence in Circuit Court Case No. 06-CF-20480. Exh. 39; Bolkovatz v. State, 991 So. 2d 861 (Fla. 2d DCA 2008)(table). Petitioner filed a pro se motion for rehearing, Exh. 40, which the appellate court denied as untimely on September 19, 2008. Exh. 41. The court issued mandate on October 7, 2008. Exh. 42.

## 2. Petition Alleging Ineffective Assistance of Appellate Counsel

As stated above, Petitioner filed a consolidated petition alleging ineffective assistance of appellate counsel challenging counsel's performance in two different appeals.  The petition was dismissed without prejudice on March 10, 2009.  <u>See</u> Exh. 23.

Subsequently, on March 31, 2009, Petitioner filed another petition challenging only counsel's effectiveness in appellate case number 2D07-2273.  Exh.  43.  Petitioner raised two grounds for relief:

<u>Ground One</u>

WHETHER APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO BRING TO THIS COURT'S ATTENTION VIA DIRECT APPEAL [Appellate Case # 2D07-905; Circuit Case # 04-CF-2579] THAT THE TRIAL COURT "LACKED SUBJECT MATTER JURISDICTION" TO IMPOSE OR CONVICT PETITIONER WHERE THE INDICTMENT, INFORMATION, OR COMPLAINT, WHICH HAD NO FURTHER FORCE OR EFFECT, PURSUANT TO FLORIDA STATUTES § 941.45 ARTICLE III(d), ARTICLE V, 2(C), AND FEDERAL 18 U.S.C. APP. § 2 ARTICLE 111 (d), ARTICLE V, (C) IN VIOLATION OF PETITIONER'S FLORIDA AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS OF THE LAW.

<u>Ground Two</u>

WHETHER APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO BRING TO THIS COURT'S ATTENTION VIA DIRECT APPEAL (2D07-2273) [Circuit Case # 06-CF-20480] THAT THE STATE ERRED IN THEIR COMPUTATION OF TIME IN REGARDS TO THE 10 DAY WINDOW OF RECAPTURE (FLA. R. CRIM. P. 3.191(P)(3)) AND THAT FINAL DISPOSITION WAS ACTUALLY HAD ON THE 11TH DAY MERITING DISCHARGE.

On or about May 4, 2009, the State filed a response to the petition.  Exh. 44.  Petitioner filed a reply to the State's response on June 10, 2009.  Exh. 45.  On September 1, 2009, having been granted permission by the appellate court, Petitioner filed an amended petition, Exh. 46, adding the following ground:

> WHETHER APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO ARGUE THAT THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR DISCHARGE.

The State filed a response to the amended petition, Exhibit 47, and Petitioner filed a reply, Exh. 48.  On November 6, 2009, in Case No. 2D09-1520, the Second District Court of Appeal filed a _per curiam_ opinion denying the petitions alleging ineffective assistance of appellate counsel.  Exh. 49; _Bolkovatz v. State_, 25 So. 3d 1232 (Fla. 2d DCA 2009)(table).  Petitioner then filed a motion for rehearing and rehearing _en banc_.  Exh. 50.  The appellate court denied the motions on January 26, 2010.  Exh. 51.  Petitioner then initiated the instant action on May 28, 2010.

### III.  Applicable § 2254 Law

#### A.  Deferential Review Required By AEDPA

Petitioner filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Consequently, post-AEDPA law governs this action.  _Abdul-Kabir v. Quarterman_, 127 S. Ct. 1654, 1664 (2007); _Penry v. Johnson_, 532 U.S. 782, 792 (2001); _Davis v. Jones_, 506 F.3d 1325, 1331, n.9

(11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the

-12-

petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior"

-13-

Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

### B.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).   A claim raising ineffective assistance of appellate counsel is considered under the same two-part test. Milligan v. United States, 213 F. App'x 964, 966 (11th Cir. 2007)(unpublished).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466

U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III.  Findings of Fact and Conclusions of Law

Ground One of both petitions raise a claim under the IADA. Specifically, Petitioner argues that the State trial court erred by denying his motion to discharge when Florida violated the 180-day time limitation set forth in the IADA. First Petition at 5; Second Petition at 5. Ground Two of both petitions raise a claim that appellate counsel rendered ineffective assistance for failing to argue on direct appeal that the State trial court lacked jurisdiction to convict him because the 180-time period under the

-16-

IADA expired before he entered his plea.    First Petition at 6; Second Petition 6.

In Response, Respondent argues that the Court must deny relief on the first and second grounds for relief.    See generally Response.  With respect to the IADA claim, Respondent argues that Petitioner has not shown that he suffered any prejudice as a result of the trial exceeding the 180-day time limitation.  Id. at 18-20. With respect to the ineffective assistance of appellate counsel claim, Respondent argues that appellate counsel cannot be faulted for failing to raise a meritless issue on appeal.  Id. at 21.

The IADA is a compact among forty-eight states, the District of Colombia, Puerto Rico, the Virgin Islands and the federal government of the United States.  The IADA establishes procedures by which one jurisdiction may temporarily obtain custody of a prisoner in another jurisdiction for the purpose of bringing that prisoner to trial.  See generally Reed v. Farley, 512 U.S. 339, 341(1994)(citations omitted); Seymore v. Alabama, 846 F.2d 1355, 1357 (11th Cir. 1988); Remeta v. Singletary, 85 F.3d 513, 517 (11th Cir. 1996)(discussing generally IADA); Fla. Stat. § 941.45.

The central provisions of the IADA are Articles III and IV. Article III provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer by filing a request for a final disposition.  Within 180 days of receipt of the prisoner's request for final disposition, the prisoner shall be brought to trial.  The

-17-

court may grant any necessary or reasonable continuance for good cause shown. <u>Remeta</u>, 85 F.3d at 517; <u>Seymore</u>, 846 F.2d at 1357; Fla. Stat. § 941.45(a). Under Article IV, a signatory jurisdiction that has filed a detainer may receive temporary custody of a prisoner incarcerated in another jurisdiction, and then prosecute that prisoner for outstanding charges. <u>Id.</u>

The United States Supreme Court has recognized that the IADA is a state law, as well as a law of the United States. <u>Reed v. Farley</u>, 512 U.S. 339, 346 (1994)(citations omitted). However, an unwitting judicial slip resulting in a violation of the time limitations set forth in the IADA is "technical" and does not warrant habeas relief absent a petitioner showing prejudice. <u>Id.</u> at 349-352. In other words, a petitioner who did not alert the trial court of the lapse in time until after the time expired is not entitled to habeas relief when the violation did not "resul[t] in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" <u>Id.</u> at 350 (citations omitted).

In ruling on a similar issue under the IADA, the Eleventh Circuit recognized that "when determining whether nonconstitutional federal claims are cognizable in federal habeas corpus proceedings, "'the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a *complete miscarriage of justice*,' and whether '[i]t present[s] exceptional

circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Seymore v. Alabama, 846 F.2d 1355, 1359 (11th Cir. 1988)(citations omitted)(emphasis in original). Specifically, the Eleventh Circuit joined the First, Second, Fourth, Eighth, Ninth, and Tenth Circuits and held that a violation of the IADA is a "nonfundamental defect and-- absent a showing of some sort of prejudice-- are uncognizable in a federal habeas corpus proceeding." Id. (citations omitted).

Here, the record shows that Petitioner did not alert the State court to the expiration of the 180-day time limitation under the IADA until after the time period expired. See generally Exhs. 3-5 (Petitioner's letters to Lee County Clerk of Court requesting list of all pending charges); Exh. 6 (form from Mountain View Correctional in North Carolina notifying the Lee County State Attorney that Petitioner was incarcerated there and requesting disposition of the charges under the IADA); Exh. 7 (letter dated October 26, 2006 from the North Carolina Department of Corrections indicating that 180 days had elapsed since the date Petitioner requested disposition of the pending Lee County charges on March 20, 2006). Petitioner was extradited to Lee County on November 9, 2006, Exh. 8, and arraigned on December 10, 2006. The first time Petitioner raised an issue with the speedy trial provision of the IADA was at his arraignment on December 10, 2006, when he verbally

told the court the IADA time period expired.[4] Exh. 9 at 99. Petitioner did not file a written notice of expiration of time for speedy trial and motion for discharge until February 2, 2007. Exh. 10. In Response, the State argued that even though the 180-day time period under the IADA had elapsed, the State still had the recapture period set forth under Florida Rule of Criminal Procedure 3.191 within which to bring Petitioner to trial. Exh. 11 at 17-18 (citing Quinn v. State, 713 So. 2d 1046 (Fla. 5th DCA 1998)(finding defendant not entitled to discharge under IADA when upon defendant's motion for discharge court ordered trial to take place within ten days in accordance with the state's procedural speedy trial rule)). The trial court granted Petitioner's motion for discharge to the extent the trial judge directed trial to commence within 10 days. Exh. 11 at 18. Petitioner entered a *nolo contendere* plea to the stalking charge on February 14, 2007. Exh. 12. When Petitioner entered his *nolo contendere* plea, he stipulated to the factual basis for the charge. See generally Id. at 34. Similarly, Petitioner first raised a motion for discharge based on the expiration of the IADA on the escape charge on April 25, 2007. Exh. 30. The trial court scheduled trial to take place the following week. Exh. 31. On May 8, 2007,

---

[4]Petitioner asserted at the arraignment hearing that he filed "speedy trial" on "March 20." Exh. 9 at 99. Petitioner's letter dated March 20, 2006, was his request for a final disposition. Thus, the 180-day time period began to run after the prosecuting officer's receipt of Petitioner's request for final disposition.

Petitioner entered a *nolo contendere* plea.  Exh. 34 at 72.  Thus, assuming *arguendo* that the State violated the 180-day time limitation set forth in the IADA, the IADA claims are nevertheless not cognizable in this proceeding because Petitioner cannot show that the alleged violation prejudiced his rights by affecting or impugning the integrity of the fact-finding process.[5]  There is no question of Petitioner's guilt of either charge considering he plead *nolo contendere* and stipulated to the facts supporting both charges.  Exh. 12 at 34; Exh. 34 at 72;  Seymore, 846 F.2d at 1357; Phillips   v.   Jarrell,   281   F.   App'x   885   (11th   Cir. 2008)(unpublished)(affirming district court's denial of habeas petition on grounds that IADA claims were not cognizable absent a showing that the violation prejudiced the rights of the accused). Consequently, the Court finds the State courts' decisions denying Petitioner relief on this claim were neither contrary to nor an unreasonable application of federal law.  Nor was the State courts' decisions based on an unreasonable determination of the facts in light of the evidence presented.   The Court denies Petitioner relief on the first grounds in both petitions.

---

[5]The Court assumes *arguendo* that the State violated the 180-day time period under the IADA.  The State courts apparently determined that the State court did not violate the IADA because Fla. R. Crim. P. 3.191 protects the State from "surprise" dismissals.  See Exh. 17 (state brief on direct appeal).  After receiving a notice of expiration of speedy trial, the trial court must hold a hearing within five days and order defendant brought to trial within the 10-day recapture period.   Id.   The appellate court *per curiam* affirmed the State court's decision.   Exh. 18.

Next, Petitioner raises ineffective assistance of counsel claims.  Specifically, in the second grounds for relief in both petitions, Petitioner faults appellate counsel for failing to raise a claim that the trial court lacked jurisdiction based on the violation of the IADA time limitation.  First Petition at 6; Second Petition at 6.  Petitioner exhausted this claim to the extent he argued that appellate counsel rendered ineffective assistance for failing to raise a jurisdictional argument under the IADA in his State petition for writ of habeas corpus.  Exh. 24. The appellate court *per curiam* denied the petition.  Exh. 26.

The Court finds the State courts' decisions were neither contrary to nor an unreasonable application of <u>Strickland</u>.  Nor were the State courts' decisions based on a unreasonable interpretation of the facts based on the evidence presented.  As set forth in the procedural history section of this Order, appellate counsel <u>did</u> raise a claim concerning the IADA on direct appeal. Exhs. 15-16.  Specifically, appellate counsel argued that the trial court erred by not granting Petitioner's motion to discharge under the IADA.  <u>Id.</u>  Indeed, appellate counsel did not raise any argument concerning the trial court's lack of subject matter jurisdiction under the IADA due to the expiration of the 180 days.  However, appellate counsel cannot be deemed ineffective for failing to raise a meritless issue.  <u>Diaz v. Sec'y for the Dep't of Corr.</u>, 402 F.3d 1136, 1142 (11th Cir. 2005).  The subject matter

jurisdiction argument that Petitioner wishes appellate counsel would have raised is meritless.  The Eleventh Circuit has found that the IADA does not contain a jurisdictional element.  <u>See</u> <u>Remeta</u>, 85 F.3d at 518; <u>Caniff v. Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001)(stating "[s]ince it is fundamental that litigants can neither stipulate to, nor waive jurisdiction, this holding by the Supreme Court eliminates any jurisdictional prong in the IAD[A].").  Accordingly, Petitioner is denied relief on his second grounds raised in both petitions.

In Ground Three of the Second Petition, Petitioner faults appellate counsel for not raising an issue concerning the calculation of his speedy trial in violation of Florida Rule of Criminal Procedure 3.191(p)(3).   Second Petition at 8. Specifically, Petitioner argues that the State "erred in their computation regarding the 10 day window of recapture" resulting in Petitioner's final disposition occurring on the eleventh day, one day after the mandatory provisions of Fla. R. Crim. P. 3.191(p)(3). <u>Id.</u>

In Response, Respondent argues that appellate counsel cannot be deemed ineffective for failing to raise a meritless issue on appeal.   Response at 23.   Respondent submits that Petitioner misconstrues the time period provided in Florida's Speedy Trial Rule.  <u>Id.</u> at 22.  Specifically, Fla. R. Crim. P. 3.191 provides a 15-day recapture period, not an 11-day recapture period.  <u>Id.</u>

Petitioner exhausted Ground Three to the extent he raised this claim as ground two in his State petition for writ of habeas corpus.  Exh. 43.  After briefing from the State and Petitioner's Reply brief, the appellate court entered an order *per curiam* denying the petition.  Exh. 49.

The Court finds the State courts' decisions were neither contrary to nor an unreasonable application of <u>Strickland</u>.  Nor were the State courts' decisions based on a unreasonable interpretation of the facts based on the evidence presented.  To the extent Petitioner raises an issue concerning an alleged violation of Florida's speedy trial rules, the claim is not cognizable on federal habeas review because it only involves state procedural rules, not errors of a federal constitutional dimension. <u>Sneed v. Fla. Dep't of Corr.</u>, 496 F. App'x 20, 25 (11th Cir. 2010). Nevertheless, the record shows that Petitioner was extradited to Lee County on November 9, 2006.  An information on the escape charge was filed on December 18, 2006.  On April 18, 2007, Petitioner filed a notice of expiration fo speedy trial.  On April 26, 2007, the trial court held a hearing on the notice and set trial for May 7, 2007.  On May 7, 2007, the trial court heard the State's motion to strike the notice, denied the motion, and rescheduled trial for May 8, 2007. On May 8, 2007, fourteen days after Petitioner filed his notice of expiration of speedy trial, Petitioner entered a *nolo contendere* plea on the escape charge.

-24-

Because the plea was entered within the fifteen-day recapture period, there was no violation of Fla. R. Crim. P. 9.141(p). Appellate counsel cannot be deemed ineffective for failing to raise a meritless issue on appeal. Diaz, 402 F.3d at 1142. Consequently, the Court denies Petitioner relief on Ground Three in the Second Petition.

In Ground Four of the Second Petition, Petitioner argues that appellate counsel rendered ineffective assistance by failing to argue that the tolling provisions of Fla. R. Crim. P. 3.191(c) did not apply to an out-of-state prisoner where no charging document had been filed resulting in speedy trial to expire before Petitioner returned to Florida. Second Petition at 9.

In Response, Respondent argues that appellate counsel cannot be deemed ineffective for failing to raise an issue that was not preserved for appeal, or is otherwise meritless. Response at 24. Respondent points out that when Petitioner entered his *nolo contendere* plea he only reserved one issue for appeal: Defendant reserves Notice of Expiration of Speedy Trial after Demand and Motion for Dismissal with Prejudice under the IADA. Id. Respondent argues that Petitioner never argued to the trial court that Fla. R. Crim. P. 3.191(p)(3) was violated because the 180-day period for bringing Petitioner to trial had expired before he was returned to Florida. Id. Thus, Respondent argues that this claim was not preserved for appeal. In the alternative, Respondent

argues that appellate counsel properly raised the preserved issue regarding the trial court's denial of Petitioner's motion to discharge on appeal.  Id. at 25.  Consequently, Petitioner cannot argue appellate counsel rendered ineffective assistance for failing to raise additional arguments in support of the claim.  Id. (citations omitted).

Petitioner appears to have exhausted this claim to the extent he raised the claim in his amended State petition for writ of habeas corpus. Exh. 46.  After reviewing a Response brief from the State, Exh. 48, and a Reply brief from Petitioner, Exh. 49, the appellate court *per curiam* denied the petition.  Exh. 49.

The Court finds the State courts' decisions were neither contrary to nor an unreasonable application of Strickland.  Nor were the State courts' decisions based on a unreasonable interpretation of the facts based on the evidence presented.  Under Fla. R. App. P. 9.140(b), a *nolo contendere* plea waives all defects in a criminal proceeding with the exception of jurisdictional ones, and in order to reserve the right to appeal a question of law, appellant must expressly reserve the same by conditioning his plea on the reservation of the specific, narrowly-drawn question of law. This rule is firmly established and regularly followed in Florida. Id.; see also Wright v. State, 376 So. 2d 236 (Fla. 1st DCA 1979). The record evidences that Petitioner did not preserve this particular question of law before the trial court when entering his

-26-

plea. Consequently, appellate counsel cannot be deemed ineffective for failing to raise an unpreserved claim. Petitioner is denied relief on Ground Four.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petitions for Writ of Habeas Corpus filed in case numbers 2:10-cv-326 and 2:10-cv-327 are **DENIED.**

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly in both cases, and close both cases.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed

further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

 **DONE AND ORDERED** in Orlando, Florida, on this ___3___ day of May, 2013.

G. KENDALL SHARP
SENIOR DISTRICT COURT JUDGE

SA: alj
Copies: All Parties of Record